UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DEANNA DRISCOLL, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF DALE DRISCOLL**
    *Individually and on Behalf of*
    *Others Similarly Situated*
840 GERONIMO DR.
FREDERICK MD 21701

    Plaintiff

  *v.*                                         Civil Case Number: _____

**NAVY FEDERAL CREDIT UNION**          JURY TRIAL DEMANDED
SERVE ON:  CUTLER DAWSON,
PRESIDENT
820 FOLLIN LANE
VIENNA VA 22180-4907

    Defendant

### COMPLAINT

Plaintiff, Deanna Driscoll is the Personal Representative of the Estate of Dale Driscoll ("Dale Driscoll" or "Named Plaintiff" or "Plaintiff") files this action against the Defendant, Navy Federal Credit Union ("NFCU" or "Defendant"). The action is filed on behalf of Dale Driscoll individually and on behalf a class of persons defined herein. For her complaint, the Plaintiff alleges and states:

### INTRODUCTION

1. The Defendant regularly violates the Truth and Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and commits unfair or deceptive trade practices when it unilaterally makes

1

      withdrawals of funds from deposit accounts held by Dale Driscoll and class members for payments allegedly due to the Defendant for separate credit card charges.

2. Upon information and belief, the Defendant's practices are institutionalized by the use of s software program used by the Defendant known as "Sniper". Sniper tracks the credit card accounts of Plaintiff and other class members along with the deposit accounts of the Plaintiff and others to enable the Defendant to make unilateral, unauthorized withdrawals from the deposit accounts held by the Plaintiff and class members.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1640 (e) and 28 U.S.C. § 1337.

4. Supplemental jurisdiction for the State law claims arises under 28 U.S.C. § 1367.

5. Declaratory and injunctive relief are available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this District is proper in that the Defendant transacts business within the District and the conduct complained of occurred in the District.

## PARTIES

7. Dale Driscoll maintained a deposit account with the Defendant and a credit card account with the Defendant primarily for his personal, family or household purposes. Deanna Driscoll has been appointed as the authorized personal representative of the Estate of Dale Driscoll as of January 7, 2013 (State of Maryland Estate No. 36351, register of Wills for Frederick County Virginia P. Fifer)

8. Upon information and belief, the defendant is a federally chartered Credit Union that regularly transacts business in this District, maintains a branch in this District, and its principal offices are in the Commonwealth of Virginia.

## FACTS RELATING TO DALE DRISCOLL

9.  The plaintiff maintained a deposit account with the Defendant. The account is known as a Savings Account.

10. The deposit account was open and active at all times relevant to the Plaintiff's claims.

11. Dale Driscoll had a credit card account with the Defendant.

12. Between June 26, 2012 and September 5, 2012, The Defendant made unauthorized withdrawals from Dale Driscoll's savings account for payment on his credit card account with the Defendant.

13. Dale Driscoll did not authorize or direct any of the withdrawals from his savings account.

14. Upon information and belief, the withdrawals were made through the use of the defendant's Sniper software.

## CLASS ALLEGATIONS

15. The Plaintiff contends that the Defendant's actions in regard to making unauthorized withdrawals from deposit accounts for amounts allegedly owed for a credit card account is not something that the Defendant has only done to him; upon information and belief, Defendant has made similar unauthorized withdraws from more than fifty other persons similar to Plaintiff.

16. Plaintiff contends that the withdrawals from the deposit account for credit card claims is a routine and regular practice of the Defendant with all persons who have a deposit account and credit card account with Defendant. The practice is implemented by the Defendant through the use of its Sniper software.

17. The Plaintiff further requests that the Court certify a Class pursuant to Rule 23 (b)(3) consisting of the following persons:

   All persons who Defendant has made withdrawals from their deposit accounts for payment of a credit card debt pursuant to the credit card agreement.

18. The Plaintiff estimates that there are more than 1,000 members of the Class.

### FACTUAL ALLEGATIONS COMMON TO THE CLASS

19. NCFU's business includes providing deposit accounts and credit card accounts to certain consumers including Dale Driscoll and the Class members.

20. The credit card accounts offered by the Defendant include written terms and conditions.

21. The Defendant requires anyone who wants to open a credit card account to have a deposit account with the Defendant.

22. The terms and conditions of the credit card agreement state that the borrower is granting the Defendant an unspecified "statutory lien" on any deposit accounts for any loans or charges in connection with the credit card account. There is no further or other explanation of what statutory lien that the Defendant references in the agreement.

23. Upon information and belief, the Defendant relies on this provision for the operation and implementation of its Sniper software that results in unauthorized withdrawals.

24. Upon information the Defendant's position is that it may make withdrawals from the deposit account of the Plaintiff and other class members for credit card debts.

25. The Defendant has and continues to make withdrawals from deposit accounts for credit card debts.

26. There are common questions of law and fact relating to the Class, including:

a. Whether the Defendant's reference to a "statutory lien" permits it to make withdrawals from the Class members' deposit accounts for credit card debts;

b. Whether the Defendant's actions violate the TILA?\;

c. Whether the class is entitled to declaratory and/or injunctive relief relating to the Defendant's practices;

d. Whether the Defendant has made withdrawals from the deposit accounts of Class members for credit card accounts;

e. Whether the Class members are entitled to a return of any withdrawals taken by the Defendant from their deposit accounts for credit card debts;

f. Whether the Defendant can show any legal right to withdraw funds from Class Members' accounts; and

g. Whether the Class is entitled to any damages from the Defendant.

27. The Defendant has acted on grounds that apply generally to all of the class members.

28. There are questions of law and fact which are common to the Class and predominate over questions affecting only individual members. A class action is superior to other available methods for a fair and efficient adjudication of the controversy because such action is uniquely suited to determining the rights and damages to thousands of similarly situated individuals while minimizing the amount of legal resources which must be utilized to resolve the controversy.

29. The only individual questions concern the identification of Class members and the actual damages of each Class member. This information can be determined by a simple ministerial examination of the business records of the Defendant. Upon information and belief,

      Defendant maintains business records that consist of extensive and sophisticated computer records that can be searched, downloaded, and printed in <u>minutes</u>. Such business records are, of course, the same records that Defendant has used to support its Sniper program. Such business records are admissible as an exception to hearsay and as a statement by a party.

30. Named Plaintiff's claims are typical of the claims of the Class members.

31. Named Plaintiff is similarly situated with and has suffered similar damages as the other members of the Class.

32. Named Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this action.

33. Named Plaintiff has retained attorneys who are experienced in consumer protection laws and experienced in class actions.

34. Named Plaintiff's attorneys are adequate to represent the Class.

## COUNT I

### VIOLATION OF TRUTH IN LENDING ACT

35. Plaintiff incorporates the foregoing paragraphs.

36. The Defendant's practices violate the Truth in Lending Act by seeking to take funds from deposit accounts for payment of credit card debts.

37. Regulation Z, 12 C.F.R. § 226.12 (d) provides:

    (d) Offsets by card issuer prohibited.

    (1) A card issuer may not take any action, either before or after termination of credit card privileges, to offset a cardholder's indebtedness arising from a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the

card issuer.

38. The Defendant's credit card agreement purports to provide the Defendant the right to take the action specifically prohibited by federal law.

39. The boilerplate reference to a "statutory lien" does not qualify for the exemption under Regulation Z, 12 C.F.R. § 226.12 (d)(2).

40. The Defendant maintains that it may make withdrawals from the deposit accounts of the Plaintiff and Class Members for credit card debt.

41. The Defendant has unfairly and deceptively taken money from the deposit accounts of Sub-Class members in violation of the Truth in Lending Act (Regulation Z, 12 C.F.R. § 226.12 (d)).

## **PRAYER FOR RELIEF**

WHEREFOR the Plaintiff prays for the following relief to be granted on the complaint:

a. An Order certifying a class of persons as set forth herein for the claims asserted herein pursuant to Rule 23;

b. An order appointing the Plaintiff as Class Representative of the Class;

c. An order appointing the Plaintiff's counsel as Class Counsel for the Class.

d. An award of damages in the sum of no less than $5,000,000 or other relief that the Class may be entitled to from the Defendant;

e. An award of costs, including attorneys fees as allowed by law; and

f. Such other and further relief that the nature of Plaintiff's cause may require.

Respectfully Submitted,

/s/ Scott C. Borison
Scott C. Borison, Esq. (Bar No. 22576)
/s/ Phillip Robinson
Phillip R. Robinson, Esq., Of Counsel
(Bar No. 27824)
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018